IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| REPRODUCTIVE HEALTH SERVICES OF PLANNED PARENTHOOD OF THE ST. LOUIS REGION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL L. PARSON, in his official capacity as Governor of the State of Missouri, et al., <br><br> Defendants. | Case No. 2:19-cv-4155-HFS |

**STATE DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF
MOTION TO EXCEED THE PAGE LIMIT**

As noted in the State Defendants' Motion to Exceed the Page Limit, Plaintiffs in this case have asserted facial challenges to five separate Missouri statutes, all enacted in Missouri House Bill 126. These five statutes are supported by fifty specific legislative findings that Plaintiffs did not address (or even cite) in their opening brief. Moreover, Plaintiffs' complaint and motion for preliminary injunction raise questions regarding Article III standing, third-party standing, ripeness, the existence (or not) of a cause of action under 42 U.S.C. § 1983, the proper standard for facial challenges to abortion regulations, the proper standard to review abortion regulations under *Casey*, and the application of the four equitable *Dataphase* factors to Plaintiffs' five claims—all in addition to Missouri's fact-specific justifications for the five challenged statutory provisions, and the alleged burdens on Plaintiffs' patients from the restrictions.

In this context, Missouri's overlength brief is clearly appropriate to provide a proper discussion of the numerous legal and factual issues at stake here. Indeed, in multiple recent cases in which these Plaintiffs challenged various Missouri abortion regulations, both Plaintiffs and the

1

State have filed overlength briefs without opposition, and were granted leave of court to do so. Moreover, none of those prior cases raised as many factual and legal issues as this case.

In their opposition, Plaintiffs point out that they "complied with the 15-page limit in filing their Suggestions in Support of Plaintiffs' Motion for Preliminary Injunction and/or Temporary Restraining Order." Doc. 36, at 1. In doing so, however, Plaintiffs limited their argument on the merits to less than three pages (in support of their request for facial invalidation of *five* separate Missouri statutes) and did not even address Missouri's numerous legislative findings supporting HB 126's provisions, thus waiving their ability to challenge them. Whatever Plaintiffs' strategic reasons for providing such a straitened discussion of the merits in their opening brief, the State of Missouri is not bound by Plaintiffs' artificially narrow view of the issues. Rather, in addition to providing this Court with an appropriately thorough discussion, it is incumbent on the State to present and preserve its arguments for appeal.

Plaintiffs contend that they will be "prejudiced by Defendants filing a brief that is more than double the length permitted by the Local Rules," Doc. 36, at 1, but this argument has no merit. Plaintiffs' signature blocks include *seventeen* attorneys—including numerous extremely able counsel who are highly experienced in this area of litigation. *See* Doc. 36, at 2. Moreover, this group of capable and experienced counsel has been on notice since at least May 24, 2019, when HB 126 was enacted, that Missouri's defense of the provisions of HB 126 would rest in part on the factual justifications set forth in Missouri's brief, because these justifications are also set forth in fifty specific legislative findings contained in the bill itself and enacted into the Missouri law then. Any claim of "prejudice" has no merit here.

Finally, opposing Missouri's request to file an overlength brief is counter-productive. As noted, the State fully intends to present all its arguments to this Court and preserve them for appeal.

2

Presenting them in a shorter brief would not induce the State to omit them—it would merely require the State to compress them into an abbreviated format that would make it more difficult, not easier, for both Plaintiffs and the Court to analyze and assess them.[1] Even if a shorter brief is required, Plaintiffs will still have to address the same arguments of the State.

**CONCLUSION**

For the reasons stated, the Court should grant the State's motion for leave to file overlength brief.

---

[1] On the flip side, if requiring a shorter brief were to force the State to exclude arguments that it advances in defense of HB 126, this result would unduly interfere with the State's duty to defend the statute, both before this Court and on appeal.

Dated: August 20, 2019  Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

 /s/ *D. John Sauer*
D. John Sauer, #58721
 Solicitor General
Julie Marie Blake
Justin D. Smith
Emily A. Dodge
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Fax: (573) 751-0774
E-mail: John.Sauer@ago.mo.gov

*Counsel for the State Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2019, the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

<u>*/s/ D. John Sauer*</u>