IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| REPRODUCTIVE HEALTH SERVICES OF PLANNED PARENTHOOD OF THE ST. LOUIS REGION, INC., et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>MICHAEL L. PARSON, in his official capacity as Governor of the State of Missouri, et al., )<br><br>Defendants. ) | Case No. 2:19-cv-4155-HFS |

**STATE DEFENDANTS' LIST OF SUPPLEMENTAL AUTHORITIES
FOR REFERENCE AT ORAL ARGUMENT**

Pursuant to the Court's Additional Scheduling Order of August 6, 2019, Doc. 30, at 1, the State Defendants provide the following list of supplemental authorities likely to be referenced at oral argument that were not previously cited in the briefing. All of these citations address points raised for the first time in Plaintiffs' Reply brief and supporting Declarations, filed on Friday, August 23, 2019.

1. *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 764 n.9 (1988) ("When no single rationale commands a majority, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds.") (citation, alternation, and quotation marks omitted). This citation addresses Plaintiffs' argument the plurality opinion in *Singleton v. Wulff*, 428 U.S. 106 (1976), is controlling, instead of the narrower opinion of Justice Stevens that provided the fifth vote for the result, *id.* at 121-22 (Stevens, J., concurring in part).

1

2. *Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656, 1670 (2015) (holding that the Constitution "imposes no freestanding 'underinclusiveness limitation,'" and that "[a] State need not address all aspects of a problem in one fell swoop; policymakers may focus on their most pressing concerns"); *Wagner v. FEC*, 793 F.3d 1, 27 (D.C. Cir. 2015) (en banc) (same). These citations address Plaintiffs' argument that the Anti-Discrimination Law is underinclusive because it does not prohibit abortions based on other fetal diagnoses, such as spina bifida.

3. *Pampered Chef v. Alexanian*, 804 F. Supp. 2d 765, 788 (N.D. Ill. 2011) ("In order to prevent the 'sandbagging' that results from belated presentations in reply briefs, issues that could and should have been raised in an opening brief are waived.") (quoting *Mohamad v. Rajoub*, 634 F.3d 604, 608 (D.C.Cir.2011)); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437–38, 441 (N.D. Ill. 2006); *FTC v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009). These citations address Plaintiffs' argument that their failure to present any evidence addressing the fifty specific legislative findings in HB 126 until their Reply brief constituted a fair reply to the State's response brief.

4. Shannon Thomas Ferrell & Mads F. Bertelsen, ANESTHESIA AND ANALGESIA IN REPTILES, NAVC Conference 2013 https://www.vetfolio.com/learn/article/anesthesia-and-analgesia-in-reptiles (collecting sources) ("Sedation and anesthesia are essential components of the veterinary care of reptiles."); Stephen J. Divers, *Management of Reptiles*, MERCK MANUAL – VETERINARY MANUAL, https://www.merckvetmanual.com/exotic-and-laboratory-animals/reptiles/management-of-reptiles ("Given the improvements in reptile anesthesia, even manageable reptiles may be preferentially sedated or anesthetized for procedures that would otherwise take longer to accomplish and cause unnecessary stress or discomfort to the animal. . . . For more invasive and painful procedures, general anesthesia must be used."); Paul D. Maclean,

2

*The Triune Brain*, reprinted in COMPARATIVE NEUROSCIENCE AND NEUROBIOLOGY 126-27 (Louis N. Irwin, ed. 1988) (noting that a reptile's brain lacks a limbic system and a neocortex). These citations address Plaintiffs' contention that fetal anesthesia serves no pain-relieving purpose during the second trimester because the fetal cortex is supposedly not sufficiently developed for "conscious" or "emotional" awareness of pain.

5. Twenty-two state statutes enacted since 2010 that prohibit the abortion of pain-capable fetuses, at or around 20 weeks' gestation, which address Plaintiffs' contention that Missouri's interest in preventing fetal pain is an "outlier" or "fringe" concern: Ala. Code § 26-23B-5 (1975); Ariz. Rev. Stat. § 36-2159(B) (2012); Ark. Code § 20-16-1405(a)(1) (2013); Ga. Code Ann., § 16-12-141(c)(1) (2012); Idaho Code Ann. § 18-505 (2013); Ind. Code § 16-34-2-1(a)(2) (2013); Iowa Code § 146B.2(2)(a); Kan. Stat. Ann. § 65-6724(a) (2011); Ky. Rev. Stat. Ann. § 311.781, 311.782; La. Rev. Stat. 40:1299.30.1(E)(1) (2012);Miss. Code Ann. § 41-41-137 (2013); Mo. Ann. Stat. § 188.375; Neb. Rev. Stat. § 28-3,106 (2010); N.C. Gen. Stat. Ann. § 14-45.1(a) (2015); N.D. Cent. Code §14-02.1-05.3(3) (2013); Ohio Rev. Code Ann. § 2919.201; Okla. Stat. Ann. tit. 63, § 1-745.5A (2011); S.C. Code Ann. § 44-41-450; S.D. Codified Laws § 34-23A-69, 34-23A-70; Tex. Health & Safety Code Ann. § 171.044 (2013); W. Va. Code § 16-2M-4(a), § 16-2M-2(7) (2015); Wisc. Stat. §253.107(3) (2015).

6. Supplemental Declaration of Dr. Maureen L. Condic (attached as Exhibit A) – Addresses contentions of Plaintiffs' expert, Dr. Ralston, regarding fetal pain-capability, provided for the first time in Plaintiffs' Reply brief.

7. Supplemental Declaration of Dr. Priscilla Coleman (attached as Exhibit B) – Addresses contentions of Plaintiffs' experts, Drs. Norton and McNicholas, regarding the effects of abortion on women's health, provided for the first time in Plaintiffs' Reply brief.

Dated: August 26, 2019			Respectfully submitted,

											**ERIC S. SCHMITT**
											Attorney General

											 /s/ *D. John Sauer*
											D. John Sauer, #58721
											 Solicitor General
											Julie Marie Blake
											Justin D. Smith
											Emily A. Dodge
											Missouri Attorney General's Office
											Post Office Box 899
											Jefferson City, MO 65102
											Tel: (573) 751-8870
											Fax: (573) 751-0774
											E-mail: John.Sauer@ago.mo.gov

											*Counsel for the State Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that, on August 26, 2019, the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

											*/s/ D. John Sauer*

4